1  **THE KNEAFSEY FIRM, INC.**
   Sean M. Kneafsey (SBN 180863)
2  skneafsey@kneafseyfirm.com
   800 Wilshire Blvd., Suite 710
3  Los Angeles, California 90017
   Phone: (213) 892-1200
4  Fax: (213) 892-1208

5  *Attorneys for Plaintiff*
   *BRADLEY TWYNHAM*
6

7  **BAKER BOTTS L.L.P.**
   Bryant C. Boren (SBN 260602)
   bryant.c.boren@bakerbotts.com
8  Ariel D. House (SBN 280477)
   ariel.house@bakerbotts.com
9  1001 Page Mill Road
   Building One, Suite 200
10 Palo Alto, California 94304
   Phone: (650) 739-7500
11 Fax: (650) 739-7699

12 *Attorneys for Defendants COMPUTER SCIENCES*
   *CORPORATION, DXC TECHNOLOGY COMPANY,*
13 *and SERVICEMESH, INC.*

14                    **UNITED STATES DISTRICT COURT**

15                    **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| BRADLEY TWYNHAM, an individual, | Case No.: 2:17-cv-08107 SVW JEM |
| Plaintiff, | [Hon. Stephen V. Wilson] |
| vs. | [Hon. John E. McDermott, Magistrate Judge] |
| COMPUTER SCIENCES CORPORATION, a Nevada corporation, DXC TECHNOLOGY COMPANY, a Nevada corporation; SERVICEMESH, INC., a Delaware corporation, | **[PROPOSED] AGREED AMENDED PROTECTIVE ORDER** |
| Defendants. | **[DISCOVERY MATTER]** |

1. **PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, private, or privileged information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order applies to production of information by parties and non-parties. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential or privileged treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

2. **DESIGNATING PROTECTED MATERIAL**

   2.1 **Confidential Information.** Upon a determination by any party or non-party producing information that any information, document, or thing being disclosed or produced in this action, whether formally or informally, contains information that the designator believes in good faith to constitute or embody confidential, proprietary, or private information, the designator may designate such document or thing "CONFIDENTIAL." By way of example only, "CONFIDENTIAL" information may include, but is not limited to, materials such as financial information, marketing and sales information, customer lists, business plans, personnel information, technical information about products, trade secrets and other non-public, commercially sensitive information, as well as internal information that is ordinarily treated as private or confidential by the designator.

   2.2 **Privileged Information.** Defendants contend that certain information and documents were sent or received by Plaintiff in the course and scope of his employment with certain of the Defendants for which one or more of the Defendants hold certain evidentiary privileges, such as the attorney client and/or attorney work

product privilege. Defendants contend that given that Plaintiff was an employee at the time of the disclosure, the disclosure of such information and documents to Plaintiff did not constitute a waiver of the Defendants' privilege(s). To the extent any information or documents fall within that category, the disclosing party may designate such information or documents "PRIVILEGED" and by doing so the disclosing party shall not waive its right to claim that the information or documents remain privileged as to any third party. The disclosure of such information or documents in this proceeding to a receiving party who sent or received such information or documents shall not effectuate or be construed in any way as a waiver of any privilege by the disclosing party. At the same time, by entering into this stipulation, Plaintiff is not agreeing that the information or documents are in fact subject to any evidentiary privilege and reserves all rights to contest whether any information or document is privileged. Where appropriate, "PRIVILEGED" and "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" designations may be combined.

**2.3 Highly Confidential – Attorney Eyes Only Information.** Information for which a higher level of protection is required, such as trade secrets or privileged information, may be designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." Where appropriate, "PRIVILEGED" and "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" designations may be combined on one document or thing, in which case the document shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" pursuant to ¶ 4.4.

**2.4 Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "PRIVILEGED," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a

higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality and privilege designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect against the disclosure of confidential or privileged information to third parties and/or to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.5  Manner and Timing of Designations**. Except for electronically stored information produced in native format and testimony given in deposition or other proceeding, designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "PRIVILEGED," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that contains protected material. For electronically stored information produced in native format, designation under this Order requires the designator to include the applicable legend ("CONFIDENTIAL," "PRIVILEGED," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") in the file or directory name, in a metadata field of a database load file, or on the media containing the information (*e.g.*, CD-ROM, DVD). For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**2.5.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.5.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.6** **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## 4. ACCESS TO DESIGNATED MATERIAL

**4.1 Basic Principles**. A receiving party may use designated material only for this litigation and not for any other purpose, including any business or commercial purpose, or any other litigation or proceeding. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. This Order has no effect upon, and shall not apply to, a designator's use or disclosure of its own designated material for any purpose. Nothing herein shall prevent a designator from disclosing its own designated material.

**4.2 Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2** Plaintiff, when he is the receiving party, and the officers, directors, and employees of Defendants to whom disclosure is reasonably necessary, when they are the receiving party;

**4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4** The Court and its personnel;

**4.2.5** Outside court reporters and their staff;

**4.2.6** Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.7** In preparation for or during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.8** The author or recipient of a document containing the material.

**4.3** **Disclosure of PRIVILEGED Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated PRIVILEGED only to:

**4.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.3.2** Plaintiff, when he is the receiving party, and the officers, directors, and employees of Defendants to whom disclosure is reasonably necessary, when they are the receiving party;

**4.3.3** The Court and its personnel;

**4.3.4** Outside court reporters and their staff; and

**4.3.5** The author or recipient of a document containing the material.

**4.4** **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Without Further Approval**. Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**4.4.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.4.2** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.4.3** The Court and its personnel;

**4.4.4** Outside court reporters and their staff;

**4.4.5** Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.4.6** In preparation for or during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

**4.4.7** The author or recipient of a document containing the material.

**4.5** **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to In-House Counsel.** Unless agreed to in writing by the designator:

**4.5.1** A receiving party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

**4.5.2** A receiving party that makes a request and provides the information specified in paragraphs 4.4.1 may disclose the designated material to the identified in-house counsel unless, within seven (7) days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.5.3** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

# 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**5.1 Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2 Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, PRIVILEGED, or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY that party must:

**5.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**5.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3 Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, PRIVILEGED, or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

**7.1** Nothing in this Order shall be construed to require production by any party of information, documents, or things that the party in good faith believes to be subject to an evidentiary privilege unless the document at issue was previously disclosed to a party to this action.

**7.2** When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**8. CONTINUING JURISDICION**

After the conclusion of the lawsuit between the parties, the provisions of this Order shall continue to be binding until further court order. This Court shall have exclusive jurisdiction to hear any complaint brought by any party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief after the parties have conferred in good faith, through counsel, regarding the alleged breach. The Court shall also retain jurisdiction over the parties and any other person who has had access to CONFIDENTIAL,

- 10 -

AMENDED PROTECTIVE ORDER

PRIVILEGED, or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information pursuant to this Order, so that the Court can continue to enforce this Order.

**9. <u>FILINGS AND PRESENTATIONS UNDER SEAL</u>**

Without written permission from the designator or a court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**10. <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

DATED: 2/28/2019

_____
Hon. John E. McDermott
United States Magistrate Judge

# EXHIBIT A
## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Bradley Twynham v. Computer Sciences Corporation, et al.*, Case No.: 2:17-cv-08107 SVW JEM. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.


Date: _____
City and State where sworn and signed: _____
Printed name: _____
    [printed name]
Signature: _____
    [signature]